CHICAGO DIRECTORY CO. v. UNITED STATES DIRECTORY CO. et al.

(Circuit Court, S. D. New York. December 29, 1902.)

1. COPYRIGHT—INFRINGEMENT—PRELIMINARY INJUNCTION.

In a suit for infringement of a copyright for a directory, proof that defendant had in its office three pages concededly taken from complainant's book, cut, pasted, and edited apparently for the purpose of being used as copy for defendant's book, is sufficient to entitle complainant to a preliminary injunction, unless a denial of the intention to use such pages as copy is supported by a clear showing of the methods used by defendant, and the source from which its copy was obtained.

In Equity. Suit for infringement of copyright. On motion for preliminary injunction.

Stephen H. Olin, for the motion.
Chas. E. Le Barbier, opposed.

LACOMBE, Circuit Judge. In view of the revelations made by defendants as to the affiant Bowen, his sworn statements are entitled to no weight, except so far as they may be corroborated. Nevertheless the moving papers presented three pages concededly taken from plaintiff's book, cut, pasted, and marked and edited for the purpose of being used as copy from which to print defendants' book. It is not disputed that they were in the offices of the defendant corpora-

tion, annotated by the compiler of its directory; and, even after the credibility of the said affiant was destroyed, defendants were still called upon to explain. The affidavits in opposition are voluminous. They are full of denials, but the impression produced after repeated perusals of them is decidedly unsatisfactory. The destruction of all the "copy" from which defendants' book was made up is a highly suspicious circumstance. Next, while denying that the pages produced by Bowen were used as copy, there is no clear statement of what was in fact used as copy; how much of it was printed, and where it was found; how much was manuscript, and how obtained. All is left vague and uncertain. Besides, neither the directory of this year nor of any prior year is produced, and there is no apparent explanation of this circumstance. Moreover, it is difficult to understand how, with a capital of only $25,000, a business directory of the United States can be produced by original canvass. Perhaps it may be done, but there is nothing to indicate how it is done.

If complainant will increase its bond to $5,000, injunction will be continued pendente lite, with leave to defendants to move to vacate it if complainant does not co nplete its prima facie case for final hearing within 40 days after joinder of issue. Or, if defendants will stipulate to pay half the master's fees, the half paid by the side ultimately prevailing to be taxed with the costs, both sides stipulating that all testimony so taken may be used on final hearing, it will be sent to a master to take testimony for this motion, and report whether any part of complainant's copyrighted book has been used in preparing the book which defendants are announcing their intention to publish. Cross-examination of all the affiants will doubtless be most helpful to a conclusion. If sent to a master, one will be selected who will take the proofs offered by both sides forthwith.

## On Motion to Commit for Contempt of Court.

### (March 7, 1903.)

One of the affidavits presented in opposition is that of E. Louis Goodhart. If he had confined himself to an identification of the printed matter which was in his possession before December 10, 1902, his affidavit would have been more persuasive. His failure to explain why a sample copy sent to him for use as a canvasser had the "fraud notice" printed on three of its pages casts some doubt on the accuracy of his identification. If the defendants wish, they may examine him orally, tendering him for cross-examination. There is a direct controversy between Lynch and Knight, and before finally disposing of the cause the court would like to be furnished with cross-examination of each. A careful examination of the printed documents which have been filed leaves little doubt in the mind that the six printed pages submitted at original argument were fabricated by the principal defendants for the purpose of defeating that motion. But inasmuch as the punishment which should be administered for such an offense should be proportioned to its gravity, the court is averse to taking final action till defendants have had the fullest opportunity to present their defense.